UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RAHSON STAPLES,             :

             Plaintiff,       :

    -against-                     :

POLICE OFFICER BENITEZ, et al.,   :

           Defendants.     :

------------------------------------------------------------x

**REPORT AND RECOMMENDATION TO THE HONORABLE ANALISA TORRES**

14cv2046-AT-FM

**FRANK MAAS,** United States Magistrate Judge.

      This is a case in which plaintiff Rahson Staples alleges that he was falsely arrested in circumstances involving the excessive use of force. Although the case was settled, Mr. Staples now seeks to set aside the settlement pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, that motion should be denied.[1]

      I initially conferenced the case on October 3, 2014, via telephone because Mr. Staples was being held at the Marcy Correctional Facility, where he remains to this day. At the end of that conference, I inquired about the prospects of settlement, and set a further phone conference for November 13, 2014, to continue those discussions. (See ECF No. 20). Because the November 13 conference was principally a settlement conference, it was not recorded. I do, however, have notes that were taken during the conference.

      As the notes indicate, shortly after the conference commenced, the parties agreed to split the difference between Mr. Staples's most recent demand and the Defendants' most recent offer, resolving the case for a total of $6,500. That settlement was contingent on an agreement that Mr. Staples not have to satisfy a Medicaid lien against the proceeds of the settlement. (I understand that the City subsequently confirmed that this lien would not be enforced given the relatively modest amount of the settlement.) (See ECF No. 24).

---

[1] Mr. Staples sent his motion directly to my Chambers, where it was received on July 15, 2016. I have requested that it be docketed.

The conference notes further indicate that I cautioned Mr. Staples that he would have to execute a release before receiving payment from the City. Although Mr. Staples now contends that he intended to carve out his claims in an unrelated lawsuit in this District against the City, nothing in the notes suggest that there was any such discussion. Moreover, the release is not so limited. Rather, it provides that Mr. Staples releases and discharges the City; two individuals; "their successors or assigns; and all past and present officials, employees, representatives, and agents of the City" from "all liability, claims, or rights of action alleging a violation of [Mr. Staples'] civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release." (See ECF 33-1).

Following the conference, Mr. Staples executed and returned the release, and the Office of the City Comptroller sent him a check for the settlement amount on or about February 19, 2015. (See ECF No. 29).

Over a year later, on June 7, 2016, Mr. Staples wrote to me, complaining that he had intended the release to relate solely to this lawsuit. (See ECF No. 31). As his letter explained, Mr. Rahson wanted to ensure that his claims in another lawsuit, Staples v. Acolatze, 14cv3922-WHP ("Staples II), would not be precluded by his execution of the release in this action. (Id.). I, in turn, directed that the Assistant Corporation Counsel ("ACC") assigned to this case submit a responsive letter by July 7, 2016. (See ECF No. 32).

In that letter, the ACC indicated that, contrary to Mr. Staples' allegation, he never informed Mr. Staples "that the release would only apply to [this case]," nor did Mr. Staples "mention that he intended to file a future lawsuit against the City." (ECF No. 33 at 1)

Since writing his letter to me, Mr. Staples also has submitted his Rule 60(b)(6) motion. What Mr. Staples fails to note in his papers is that Judge Pauley considered the enforceability of the general release executed in this action in Staples II, concluding as follows:

> Defendants have presented evidence establishing that the General Release unambiguously bars Staples' claims. Although this Court sympathizes with Staples' situation, there is no legal basis to conclude that the release should not be enforced.

Staples II, ECF No. 59, at 6. This determination clearly is correct.

2

Accordingly, I recommend that Mr. Staples Rule 60(b)(6) motion be denied.

<u>Notice of Procedure for Filing Objections to this Report and Recommendation</u>

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres, to my chambers at the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Daniels. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

SO ORDERED.

Dated:   New York, New York
July 28, 2016

FRANK MAAS
United States Magistrate Judge

3

Copies to:

Rahson Staples (via U.S. Mail)
DIN # 14-R-1321
Marcy Correctional Facility
Post Office Box 3600
Marcy, New York 13403

Defense Counsel (via ECF)